-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SAMUEL J. SMOLEN JR., 85A4082,

        Plaintiff,

        -v-

SGT. PETER CORCORAN, et al.

        Defendants.
_____

DECISION AND ORDER
10-CV-6040CJS(P)

Plaintiff *pro se* Samuel Smolen filed an action on January 21, 2010 (10-CV-6040CJS(P)) of which only one claim survived and which was directed to be served (Docket # 7). Summonses were issued on July 1, 2010 and the complaint was served by the U. S. Marshal Service by mail on August 4, 2010. Plaintiff filed two additional actions, 10-CV-6439CJS(P) on July 30, 2010 and 10-CV-6443CJS(P) on August 2, 2010. The allegations in the two new actions related to the first complaint because all three complaints alleged that the actions and omissions by officials at Attica Correctional Facility complained of were in retaliation for information contained on a web site maintained by plaintiff's family. The Court deemed plaintiff's two new actions supplements to the first action. Plaintiff was directed to file an amended complaint in 10-CV-6040CJS(P) in which he includes the original surviving first amendment claim and the claims made in the two new actions in one amended complaint (Docket # 11). Plaintiff has now filed motions to reopen the cases deemed supplements to this case (Docket # 12), and also requested an extension of time to amend the complaint as directed in the Court's prior Order (Docket # 13).

Plaintiff's motion to reopen the closed cases is based upon his belief that proceeding on all three claims in one action would require him to prove that his cell was set on fire and he was assaulted by officers in retaliation for the material being posted on his family's website. Plaintiff asserts that he need not prove such facts to establish his claims. He asserts that the defendants will be burdened by each defendant having to address the actions and omissions of every other defendant. He asserts that he would be burdened by having to prove each action and omission by each defendant, which occurred on separate dates and times.

The Court fails to see any manner in which the defendants would be burdened. The Court also fails to see in what manner plaintiff would be burdened by being required to prove something in one action that he would not have to prove in separate actions. Plaintiff is free, when he amends the complaint in this action to address the allegations made in the previously separately filed actions, to state his claims in any manner he sees fit. The Court has not directed how he should state his claims.

However, the Court is mindful of the fact that the cases were deemed related because of plaintiff's own allegations. In fact, the claims made in the new actions do not consist solely of the claims plaintiff discusses in this motion. The Court did not manufacture those facts. It would not serve the interests of justice for the Court to allow a plaintiff, after having made allegations showing events are related, and the Court having acted on that basis, to argue that they are not related for some strategic reason, real or imagined.

Plaintiff's motion to reopen the previously closed actions is denied. Plaintiff is granted an extension of time to amend this action to add the claims asserted in the two

2

actions described above. Because it appears that plaintiff was moved from Sing Sing Correctional Facility to Elmira Correctional Facility at about the time the Court's Order of November 22, 2010 was docketed on December 2, 2010, plaintiff is granted until **February 14, 1011 to amend this case to add the allegations from 10-CV-6439CJS(P) and 10-CV-6443CJS(P).**

SO ORDERED.

Dated: FEB 1, 2011
Rochester, New York

Charles Siragusa
CHARLES J. SIRAGUSA
United States District Judge