UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SAMUEL J. SMOLEN,

        Plaintiff,

   -vs-

SERGEANT PETER CORCORAN, et al.,

        Defendants.

**DECISION AND ORDER**
**No. 6:10-CV-6040(MAT)**

---

## I. Introduction

Pro se plaintiff Samuel J. Smolen ("Smolen" or "Plaintiff"), an inmate in the custody of New York State Department of Corrections and Community Supervision ("DOCCS"), instituted this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendants, employees of DOCCS, violated his constitutional rights in connection with a disciplinary hearing conducted against him on charges of improperly soliciting funds and violating DOCCS' correspondence procedures. Defendants have moved for summary judgment dismissing the complaint, and Plaintiff has opposed the motion.

## II. Background

In 2006, Plaintiff was involved in setting up a website called "The Innocent Prisoner", located at www.theinnocentprisoner.org.[1]

On January 29, 2007, Sergeant Peter Corcoran ("Sgt. Corcoran") confronted Smolen in the law library about his website.[2] Smolen told him that he did not have a website, but rather his family had set up a website on his behalf. After reviewing Smolen's documents relative to the website, Sgt. Corcoran filed a misbehavior report charging Smolen with violations of Rule 103.20 (inmates shall not solicit goods or services from any person or business) and Rule 180.11 (violation of correspondence procedure). Smolen was keeplocked pending a Tier III disciplinary hearing, which was conducted by Acting Captain Dixon ("AC Dixon") over the time-period spanning

---

[1] At the time of his deposition in this matter, the website was still online.

[2] At some time prior to January 29, 2007, investigators from the DOCCS' Inspector General's Office interviewed Smolen about allegations he had made against Attica staff members in regards to their treatment of the inmates. During that conversation, Smolen mentioned that he had written several letters to the governor about the conditions at Attica and had published these letters on his website.

February 3, 2007, to March 12, 2007.[3] Several witnesses, including Plaintiff's second cousin, Monica Marshall Celli ("Celli"); the web designer Richard Jones ("Jones"); and Sgt. Corcoran testified at the hearing. Jones testified that he came to knew Smolen through a mutual friend, Robert Leuze, who was interested in publicizing Smolen's story. Eventually Jones was put in touch with Celli, Smolen's niece. The contract for the website design was between Jones and Smolen, but Jones was paid by Celli because Smolen did not have a bank account. Jones suggested making it possible for visitors to the website to donate money to Smolen's defense through PayPal, and Smolen agreed. Smolen testified that he would send letters to his niece, who would then forward them to Jones. Smolen also instructed Jones not to use his business stationery so as not to alert prison officials that he was corresponding with a website designer.

---

[3] The Court has reviewed the 120-page hearing transcript, is attached as Exhibit B to the Declaration of Gary Levine, Esq.

AC Dixon found that Smolen contracted with Jones to set up a website for him to solicit funds for his defense fund without the approval of Attica's Superintendent, and that he conducted this activity through the mail using a third party to send letters to Jones. AC Dixon found Smolen guilty of both charges and recommended a loss of eighteen-months good time credits. He also imposed a six-month loss of correspondence privileges to Celli and Jones; and a ten-day loss of recreation.

Keith Dubray, Acting Director of Special Housing/Inmate Disciplinary Program, affirmed the disciplinary hearing on April 24, 2007. By letter dated May 24, 2007, Plaintiff filed an appeal, which was denied. The appeal, however, did not assert a claim of retaliation. Plaintiff did not file an administrative proceeding pursuant to Article 78 of New York Civil Practice Law and Rules.

Plaintiff filed this action on January 22, 2010. On June 14, 2010, the Court (Larimer, D.J.) dismissed Plaintiff's claims under the Due Process Clause, the Eighth Amendment, and the Equal Protection Clause but

permitted Plaintiff's First Amendment retaliation claim to proceed. See Dkt #7. Discovery was conducted over several years, including the taking of Plaintiff's deposition.

On October 2, 2012, an Amended Scheduling Order was issued, extending the deadline for filing dispositive motions until April 1, 2013. On October 11, 2012, Defendants filed a motion for summary judgment (Dkt. #29). The Court (Siragusa, D.J.) issued an order (Dkt. #30) holding the summary judgment motion in abeyance until April 1, 2013. Judge Siragusa issued a scheduling order (Dkt #21) on June 5, 2013, stating that responses were due by July 5, 2013, and replies were due by August 5, 2013.

On June 27, 2013, Plaintiff filed an omnibus motion (Dkt #32) seeking an extension of time to oppose the summary judgment motion, appointment of pro bono counsel, and the reopening of discovery.

This matter was transferred (Dkt #33) to the undersigned on July 24, 2013. For the reasons that follow, Defendants' request for summary judgment is

granted, and the complaint is dismissed. Plaintiff's non-dispositive motions are denied with prejudice.

**III.     Summary Judgment Standard**

A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The movant has the initial burden of showing entitlement to summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). If the movant meets its burden, the burden shifts to the non-movant to identify evidence in the record that creates a genuine issue of material fact. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

**IV. Discussion**

Defendants argue that Plaintiff's retaliation claim lacks merit; that Plaintiff failed to exhaust his administrative remedies in compliance with 42 U.S.C. § 1997e(a); that Defendants are entitled to qualified immunity; and that Plaintiff's retaliation claim is barred by the "favorable termination rule" as set forth

in Edwards v. Balisok, 520 U.S. 641 (1997), and Heck v. Humphrey, 512 U.S. 477 (1994). As discussed further below, the Court agrees that Edwards and Heck require dismissal of this action.

In Heck, 512 U.S. 477, the United States Supreme Court held that a prisoner is barred from pursuing a § 1983 claim when "a judgment in [his] favor . . . would necessarily imply the invalidity of his conviction or sentence." Id. at 478. That is, "where success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." Muhammad v. Close, 540 U.S. 749, 751 (2004) (per curiam). Heck's requirement that a prisoner must pursue state litigation and federal habeas before a § 1983 action "is not, however, implicated by a prisoner's challenge that threatens no consequence for his conviction or the duration of his sentence." Id. (footnote omitted).

-7-

The Supreme Court has extended the Heck ruling to include damage claims regarding prison disciplinary actions. See Edwards v. Balisok, 520 U.S. 641 (1997). In Edwards, a state prisoner challenged the constitutionality of procedures used in a disciplinary proceeding that resulted in the loss of good time credits. The prisoner in Edwards "limited his request to damages for depriving him of good-time credits *without due process*, not for depriving him of good-time credits *undeservedly* as a substantive matter." 520 U.S. at 645. The lower court had found this difference from Heck to be dispositive, and had concluded that Edwards' was not barred by Heck. Id. (citation to lower court opinion omitted). The Supreme Court rejected this interpretation because it "disregard[ed] the possibility, clearly envisioned by Heck, that the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." 520 U.S. at 645. The Supreme Court held that the inmate's "claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decisionmaker that

necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983." 520 U.S. at 648.

Here, the sole claim left in this action, following District Judge Larimer's earlier order, is that Smolen was retaliated against for exercising his First Amendment rights in publishing a website protesting his innocence. He seeks compensation for the additional time he was incarcerated due to the filing of the allegedly false and retaliatory misbehavior report against him and due to the loss of good time credits. These claims are effectively barred by Heck and Edwards because a finding by this Court in Smolen's favor would necessarily imply that the misbehavior report and subsequent punishment stemmed from improper motives and thus were unconstitutional. Such a finding would implicitly invalidate AC Dixon's finding of guilt on the charges of Solicitation and Violation of Correspondence Procedure and the resultant loss of good time credits. This is the case even though Smolen ostensibly does not seek reversal of the disciplinary hearing or restoration of his good time credits. See

Wheeler v. Merchant, No. 09-cv-114-SCW, 2012 WL 1435376, at *7 (S.D. Ill. Apr. 25, 2012) (inmate argued that disciplinary report and subsequent punishment were retaliatory; suit barred by Heck because a favorable finding would necessarily imply that the disciplinary ticket and subsequent punishment were "issued out of improper motives and thus invalid" and "such a finding would, implicitly, invalidate his disciplinary ticket and his punishment of a month loss of good time credit"); Flowers v. Dubbs, Civil No. 10-1555 RHK/AJB, 2011 WL 2412906, at *7 (D. Minn. May 9, 2011) ("The Heck rule focuses on the implications to be drawn from a ruling on claims rather than on the nature of the claims themselves. It is inescapable that a decision favorable to the plaintiff in this matter would necessarily imply the invalidity of the discipline. Flowers alleges that he was the subject of retaliation through the vehicle of 'trumped up charges' which resulted in disciplinary consequences. This allegation that the discipline charges were somehow improper is a direct challenge to the validity of the discipline."), adopted, 2011 WL 2392965

(D. Minn. Jun 13, 2011); cf. Muhammad, 540 U.S. at 754–55 (holding that Heck did not apply to prisoner's lawsuit alleging retaliation where action did not seek a judgment at odds with prisoner's conviction or with the state's calculation of time to be served in accordance with his underlying sentence).

In light of the Court's conclusion that Heck and Edwards apply in this case, the Court need not address Defendants' alternative arguments for dismissal.

**V. Plaintiff's Omnibus Motion for an Extension of Time, Reopening of Discovery and Appointment of Counsel**

    **A. Extension of Time**

Rule 6(b) of the Federal Rules of Civil Procedure provides in relevant part that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires. . . ." FED. R. CIV. P. 6(b)(1)(A). Based upon the Court's determination, supra, that this action is barred as a matter of law by Heck v. Humphrey and Edwards v. Balisok, "[a]n extension

of time would simply further delay the inevitable resolution of the issues against [Plaintiff]." United States v. Estrada, CR-03-94-S-BLW, CV-07-367-S-BLW, 2008 WL 5069083, at *2 (D. Idaho July 03, 2008) (denying motion for extension where arguments raised in petitioner's § 2255 motion could be resolved in a straightforward application of the facts in the record to the relevant statutes and case law cited by the parties, and a reply would not clarify any of the issues or arguments). Moreover, Plaintiff's motion for an extension of time was not made until approximately a week prior to his deadline for responding, yet the basis for his request-the breaking of his reading glasses and theft of legal materials by Attica staff members-occurred months earlier. Defendants' motion for summary judgment had been pending for approximately seven months before Plaintiff made his request for an extension, and during this time-period, he allegedly was having difficulty obtaining his glasses and legal materials. For all of these reasons, the Court will exercise its discretion to deny Plaintiff's motion for an enlargement of time.

**B. Reopening Discovery**

Plaintiff has made a general request to reopen discovery for an unspecified purpose and unspecified length of time. "[A] party opposing summary judgment will not be entitled to further discovery unless he submits an affidavit explaining: 1) the nature of the uncompleted discovery, i.e., what facts are sought and how they are to be obtained; and 2) how those facts are reasonably expected to create a genuine issue of material fact; and 3) what efforts the affiant has made to obtain those facts; and 4) why those efforts were unsuccessful." Kulkarni v. City Univ. of N.Y., 2003 WL 23319, at *4-*5 (S.D.N.Y. Jan. 3, 2003) (citing Burlington Coat Factory Warehouse Corp. v. Esprit De Corp., 769 F.2d 919, 926 (2d Cir. 1985)). Smolen has not made a showing as to any of the required factors and, as noted above, this case is barred by Heck and Edwards. Further discovery would not change the outcome here.

**C. Appointment of Counsel**

Under 28 U.S.C. § 1915(e), a district court "may request an attorney to represent any person unable to

afford counsel." In deciding whether to grant a request to appoint pro bono counsel, district courts should evaluate several factors, including the merits of the claim, the factual issues and complexity of the case, the plaintiff's ability to present the case, and the plaintiff's inability to obtain counsel. Hodge v. Police Officers, 802 F.2d 58, 60-61 (2d Cir. 1986). As discussed above, this matter was able to be resolved as matter of law in Defendants' favor. Appointment of counsel to press meritless claims would be a wasteful expenditure of scarce resources.

**VI. Conclusion**

For the foregoing reasons, Defendants' Motion for Summary Judgment (Dkt #29) is granted, and the Complaint (Dkt #1) is dismissed with prejudice. Plaintiff's omnibus motion (Dkt #32) seeking an extension of time, the re-opening of discovery, and the appointment of counsel, is denied with prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Decision and Order would not be taken in good faith, and therefore denies in

forma pauperis status for purposes of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). Further requests for in forma pauperis status and for the appointment of pro bono counsel should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

The Clerk of the Court is requested to close this case.


**SO ORDERED.**

                                          S/Michael A. Telesca

                                          HONORABLE MICHAEL A. TELESCA
                                          United States District Judge

DATED:    August 12, 2013
           Rochester, New York